I must respectfully dissent. Appellant's first assignment of error is not about receiving notice of a hearing, the opportunity to be heard or due process. It is about following the rules of civil procedure. Civ.R. 12(b) requires a party to file his answer with twenty-eight days of service. It further provides:
 "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pelader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jusisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1"
Appellant filed an answer and a cross-claim against appellee. Appellee never filed a responsive pleading or any other motion cognizable under the civil rules. Instead, appellee filed a motion questioning the validity of appellant's alleged mechanic's lien. This matter was set down for hearing and appellant's mechanic's lien was denied. A court cannot dispense with the civil rules and entertain any form of motion a party may so desire. If appellee felt the mechanic's lien was improper then a motion for summary judgment should have been filed where evidence as required under Civ.R. 56 could have been submitted and a response could have been filed with any contrary evidence submitted. This Court should not countenance the granting of a nonexistent motion under the civil rules. That is a violation of due process.